## Commonwealth *v.* Harris, Appellant.

Submitted November 9, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*H. David Rothman,* Assistant Public Defender, and *George H. Ross,* Public Defender, for appellant.

*Carol Mary Los* and *Robert L. Campbell,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., March 23, 1971:

In April of 1963 appellant was being held at By-berry State Mental Hospital for observation. On April 11 he escaped and went to Pittsburgh, where he and a number of others participated in a series of armed robberies. Appellant was arrested on May 15 and incarcerated in the Allegheny County jail. While there he attempted suicide, and the jail physician petitioned for commitment. After a hearing on July 8, he was committed to Farview State Hospital upon the recommendation of two qualified physicians.

On July 25 appellant was returned to Allegheny County prison from Farview in order to testify against a codefendant. At that time the head of the Allegheny County Behavior Clinic testified that appellant was competent as a witness and was also mentally competent to plead guilty. Appellant testified and entered guilty pleas to two armed robberies. Thereafter he was returned to Farview. On October 14 appellant was again taken to Allegheny County where he testified against another codefendant and entered pleas of guilty to five more armed robberies. On October 24 he entered two more guilty pleas. In December he was sentenced to prison but was returned to Farview.

In 1966 a petition was filed pursuant to the Post Conviction Hearing Act alleging that appellant's counsel was ineffective and that appellant was mentally incompetent to enter a valid guilty plea. A hearing limited to the ineffective counsel allegation was held. In an opinion denying the petition the lower court indicated that "[a] further hearing was contemplated and we agreed to take further evidence upon the competency of the defendant to enter pleas of guilty . . . ." However, because of continuances, serious injury to the hearing judge, and an administrative desire to clear the dockets, this hearing was never held. This is an appeal

from the denial of the Post Conviction Hearing Act petition.

This Court was faced with a similar factual situation in *Commonwealth v. Gurner*, 217 Pa. Superior Ct. 213, 269 A. 2d 375 (1970). There appellant had just been released from a mental hospital. While in prison awaiting charges he attempted suicide. A short time after his guilty plea and sentencing he was ordered committed to a mental institution. Even though the issue of competency had not been raised at trial, this court held, "[t]here was sufficient evidence before the hearing judge to require him, either sua sponte or upon motion, to order an extensive hearing into appellant's mental competency to enter a plea of guilty." Id. at 217, 269 A. 2d at 377.

Here, as revealed by the lower court's opinion, a further hearing on appellant's mental competency to plead guilty was necessary. Since the hearing was not held, the order of the Post Conviction Hearing Court is reversed and the record remanded for an evidentiary hearing to ascertain whether appellant was mentally competent at the time of his plea and sentencing.

WATKINS and JACOBS, JJ., dissent.